

THE CITY OF NEW YORK

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARTHA NIMMER**
*Assistant Corporation Counsel*
Cell: (917) 499-8632

June 3, 2022

**VIA ECF**
Hon. Ronnie Abrams
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *A.M. v. New York City Dep't of Educ.*, 21-cv-6665 (RA)(DCF)

Dear Judge Abrams:

I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.*, as well as for this action.

I write to respectfully request that the virtual mediation scheduled for June 20, 2022 with Barry Fertel be canceled. I have requested Plaintiff's consent, but was informed that Plaintiff would be unable to respond until next week; however, due to the upcoming mediation statement submission deadline of June 13, 2022, we submit this letter today in consideration of the mediator's schedule. This is the first request for cancellation of the mediation.

Preliminarily, I note that the parties attempted to settle this matter, but were unsuccessful. Between the filing of this action and those unsuccessful settlement negotiations, Your Honor issued decisions in two Cuddy Law Firm fee applications setting "reasonable" hourly rates: *V.W. v. N.Y.C. Dep't of Educ.*, 20-cv-2376 (RA) (S.D.N.Y. Jan. 4, 2022) and *H.W. v. N.Y.C. Dep't of Educ.*, 20-cv-10591 (RA) (S.D.N.Y. Feb. 23, 2022). Thereafter, on June 3, 2022, Defendant served a formal offer of $16,454.95 pursuant to the IDEA, 20 U.S.C. §. 1415(i)(3)(D),[1]

---

[1] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys' fees and related costs for certain services
(i) In general. Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—

Continued…

dated June 3, 2022 ("Offer"), taking into account those hourly rates that Your Honor deemed appropriate and reasonable for this same counsel in the instant case. The formal offer here also similarly took into account the percentage reduction of total hours that Your Honor found appropriate in those two prior cases, and applied a lower reduction in the instant case to build in a buffer more favorable to Plaintiffs, as well as to provide more protection for Defendant in any subsequent fee application, should Plaintiff not accept the formal offer. The Offer, should it prove (as we believe it will) more favorable than any award of this Court for fees and costs accrued as of the date of the Offer, will serve to cut off any recovery for work performed beyond that date.

Guided by Your Honor's decisions in *V.W.* and *H.W.*, and by the IDEA's written offer provisions (which explicitly echo Fed. R. Civ. P. 68 in its substance and settlement-encouraging purposes) Defendant has determined that not only would it be unable to obtain authority exceeding a written offer that it regards as both fully and intentionally overvalued to serve its intended protective intent to cut off any additional attorneys' fees, but it would substantially nullify the purposes of the written offer provisions of the IDEA, rendering such offers the start, rather than necessarily the firm end, of settlement posturing by both sides. In short, should Plaintiffs' counsel be encouraged to take IDEA written offers, or Rule 68 offers of judgment, as merely an invitation to mediation, the purpose and intended effect of such offers will be lost.

Accordingly, Defendant respectfully requests that the virtual mediation scheduled for June 20, 2022 be canceled, and that the parties submit a briefing schedule no later than June 27, 2022, in the event Plaintiff does not accept Defendant's formal offer, which expires in ten days' time.

Thank you for considering this request.

Respectfully submitted,

/s/
Martha Nimmer, Esq.
Special Assistant Corporation Counsel

cc:   Justin Coretti, Esq. (via ECF)

Application granted.

SO ORDERED.

_____
Hon. Ronnie Abrams
06/06/2022

---

(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
(II) the offer is not accepted within 10 days; and
(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.